UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>GIA PROVANZANO,<br>　　　　　　　　Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 7<br>CASE NO. 18-14727-JNF |

### MOTION OF DEBTOR TO RE-OPEN CHAPTER 7 BANKRUPTCY CASE FOR THE PURPOSE OF DETERMINING DISCHARGEABILITY OF CERTAIN DEBTS

NOW COMES the Debtor, Gia Provanzano, and hereby moves this Court for an order reopening the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 350(b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure for the purpose of having the Court decide as to the dischargeability of certain debts.  As grounds therefore, the Debtor hereby states as follows:

1. On December 21, 2018, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts.

2. Debtor listed on Schedule "F" certain "private student loans" owed to National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-4 and certain "Educational Loans" owed to Navient Solutions, LLC in the aggregate amount of more than $110,000.

3. On or about April 3, 2019, this Court issued an Order of Discharge in the Debtor's bankruptcy case.

4. Debtor is experiencing a dire financial situation and now seeks to reopen this bankruptcy case to obtain "relief" within the meaning of 11 U.S.C. § 350(b).

5. Federal Rule of Bankruptcy Procedure 5010 provides "[a] case may be reopened on the motion of the debtor . . . pursuant to section 350 of the Code."

6. Section 350 of the Bankruptcy Code permits the bankruptcy court to reopen a case "to administer assets, accord relief to the debtor, or for other cause."

7. Specifically, the Debtor seeks declaratory relief and a determination of dischargeability that his student loans (the "Debts") are dischargeable under Section 523(a)(8) as they impose an "undue hardship" on him.

8. This court has jurisdiction over violations of the discharge injunctions as core matters arising under the Bankruptcy Code pursuant to 28 U.S.C. 157 and 28 U.S.C. 1409.

9. Venue remains proper in the District of Massachusetts under 28 U.S.C. 1409(a). Moreover, Federal Rule of Bankruptcy Procedure 4007 specifically states that a "case may be reopened" at any time "for the purpose of filing a complaint to obtain a determination" of discharge.

10. The decision to reopen is within the sound discretion of the Court.[1] As such, a Motion to Re-Open the bankruptcy case for the purposes of having the U.S. Bankruptcy Court decide the dischargeability, *vel non,* of a debt under the Bankruptcy Code is considered to be a appropriate and correct exercise of the court's authority, even where there is state-court litigation already underway regarding such debt.[2]

---

[1] *See* **In re Weinstein**, 217 B.R. 5, 6 (D.Mass.1998), *aff'd*, 164 F.3d 677 (1st Cir. 1999) and **In re Dalezios**, 507 B.R. 54, 58 (Bankr. D. Mass. 2014) ("The decision to reopen should be made on a case-by-case basis based on the particular circumstances and equities of a case, and should be left to the sole discretion of bankruptcy court.") and **In re Savino**,_____ B.R. _____, Ch. 7 Case No. 14-14661-JNF, pp. 9-10 (Bankr. D. Mass., 2016) ("A court properly exercises its discretion to reopen a bankruptcy case when it does so in order to permit a dispute to be decided 'on the substantive merits rather than technical defects.' **In re Rutherford**, 427 B.R. 656, 659 (Bankr .S.D. Ohio 2010)".).

[2] *See e.g.* **In re Crocker**, 362 B.R. 49 (B.A.P. 1st Cir., 2007) (No abuse of discretion found by bankruptcy Appellate Panel where court allowed Motion of Debtor to Re-Open Case for the

WHEREFORE, the Debtor respectfully requests that this Honorable Court issue an Order re-opening the above-captioned Chapter 7 case and grant the Debtor 30-days within which to file his adversary complaint for determining dischargeability, and for all other relief deemed just and proper.

                                      GIA PROVANZANO, Debtor
                                      By his attorney,

Date: April 26, 2019                  /s/ Richard N. Gottlieb, Esq.
                                      Richard N. Gottlieb, Esq. BBO #547970
                                      Local Counsel for Debtor
                                      Law Offices of Richard N. Gottlieb
                                      Ten Tremont Street
                                      Suite 11, Third Floor
                                      Boston, MA 02108
                                      (617) 742-4491
                                      rnglaw@verizon.net

Date: April 26, 2019                  /s/ Austin Smith, Esq.
                                        Austin Smith, Esq.
                                      Litigation Counsel for Debtor
                                      Smith Law Group
                                      3 Mitchell Place
                                      New York City, NY 10017
                                      917-992-2121
                                      austin@acsmithlawgroup.com

---

purpose of determining the dischargeability of debt owed to Massachusetts Department of Revenue and the imposition of stay under § 105(a) of state court litigation based upon the bankruptcy court being a better forum for determination of federal bankruptcy legal issue at the heart of state court civil action regarding dischargeability of tax debt.)

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>GIA PROVANZANO,<br>                  Debtor | IN PROCEEDINGS UNDER<br>CHAPTER 7<br>CASE NO. 18-14727-JNF |

**CERTIFICATE OF SERVICE**

    I, Richard N. Gottlieb, do hereby certify that I have this day served a copy of the Debtor's Motion to Re-Open Chapter 7 Bankruptcy Case for the Purpose of Determining Dischargeability of Certain Debts upon the persons listed below by first-class mail, or where indicated, electronically via the CM/ECF system of the U.S. Bankruptcy Court for the District of Massachusetts.

Date: <u>April 26, 2019</u>                /s/ *Richard Gottlieb, Esq.*
                                          Richard N. Gottlieb, Esq. BBO#: 547970
                                          Law Offices of Richard Gottlieb
                                          Ten Tremont Street
                                          Suite 11, Third Floor
                                          Boston, MA 02108
                                          rnglaw@verizon.net
                                          (617) 742-4491

**Persons Served:**

| | |
|---|---|
| **Lynne F. Riley, Esq.**<br>Chapter 7 Trustee<br>(Served via CM/ECF)<br><br>**Navient Solutions, LLC**<br>ATTN: Officer, Agent or General Counsel<br>PO Box 9500<br>Wilkes-Barre, PA 18773 | **United States Department of Education**<br>c/o Office of the United States Attorney,<br>District of Massachusetts<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br><br>**National Collegiate Student Trust 2006-2**<br>**National Collegiate Student Trust 2002-4**<br>**National Collegiate Student Trust 2007-1**<br>**National Collegiate Student Trust 2007-4**<br>c/o Julie Solomon, Esq.<br>Solomon & Solomon, P.C.<br>One Columbia Circle, Box 15019<br>Albany, NY 12203-6383 |